UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

J.P.B.,

*Petitioner*,

– against –

KENNETH GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; ROBERT A. MATARAZZO, in his official capacity as Sheriff of Nassau County, New York and warden of the Nassau County Correctional Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General,

*Respondents*.

**MEMORANDUM & ORDER**
26-cv-07068 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On August 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner when he reported as instructed to his state probation officer. Pet. ¶ 31, ECF No. 1. Petitioner is currently being detained by respondents at the Nassau County Correctional Center ("NCCC") in East Meadow, New York. Pet. ¶ 10. Petitioner, through counsel, now petitions the Court for a writ of habeas corpus under 28

U.S.C. § 2241. Pet. ¶¶ 6, 23–24.[1] For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is a native and citizen of Trinidad and Tobago. Pet. ¶ 24. He entered the United States on a tourist visa in 2003, when he was 10 years old. Pet. ¶ 24. He settled with his family in Brooklyn, New York, where he has now lived for over 23 years. Pet. ¶ 24. He now has a U.S. citizen wife and 12-year-old U.S. citizen daughter with significant health concerns. Pet. ¶¶ 24, 26.

On August 4, 2026, petitioner was instructed to report to his probation officer at the Nassau County Department of Probation. Pet. ¶ 31.[2] When he arrived, he was arrested and detained by ICE officers. Pet. ¶ 31. He was then brought to an ICE facility in Central Islip for processing and subsequently transferred to Moshannon Valley Processing Center ("Moshannon") in Pennsylvania. Pet. ¶ 31. Petitioner has been detained since his arrest. Pet. ¶ 1.

Though petitioner was arrested on August 4, 2026, ICE did not issue a Notice to Appear ("NTA") naming him until August 25, 2026. Pet. ¶ 32; Ex. C to Pet. ("August 25 NTA"), ECF No. 1-3. The NTA listed Moshannon as petitioner's address, confirming that he was already detained prior to its issuance. Pet. ¶ 32.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2] Petitioner was subject to state probation related to certain criminal convictions under New York State Vehicle and Traffic Law. Pet. ¶ 30.

The Petition alleges on information and belief that petitioner is currently being held at NCCC on a writ of *habeas corpus ad prosequendum*. Pet. ¶ 18; *see also* Ex. A to Pet. ("Writ of *Habeas Corpus ad Prosequendum*"), ECF No. 1-1.

Petitioner commenced the instant action on November 2, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. The day after the petition was filed, this Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.J.S.R. v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-02506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 3, ECF No. 5.

On November 4, 2026, the government filed a response stating that petitioner is detained under 8 U.S.C. § 1226(a). Resp. 1, ECF No. 6. The government further explained that "because in this matter the Notice to Appear . . . was issued after the Form I-200 [arrest warrant] was issued, the Court's decision in *Meza v. Francis* would dictate the outcome of this case." Resp. 1 (citing *Meza*, 2026 WL 1734903). Though the government "respectfully disagree[s] with the Court's decision in *Meza*," it concedes that that case, if followed, requires that the petition be granted here. *See* Resp. 1.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[3]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA"), its governing regulations, and the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 9–12. The government concedes that this case is not materially distinguishable from this Court's decision in *Meza*, where the Court concluded that petitioner was unlawfully detained because "ICE did not have a valid NTA in place at the time the officers executed" petitioner's arrest. 2026 WL 1734903, at *2. Accordingly, for the reasons stated by this Court in *Meza*, which the Court incorporates here by reference,

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment. *See* 2026 WL 1734903, at *2.[4]

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Fifth Amendment Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on November 6, 2026, certifying their compliance.[5] The Court further orders that petitioner shall not be re-

---

4 For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Meza*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future."). Additionally, because the Court grants the relief petitioner seeks pursuant to 28 U.S.C. § 2241, it does not address his claim under the Administrative Procedure Act, 5 U.S.C. § 702, and the *Accardi* doctrine. *See* Pet. ¶¶ 76–84.

5 The government urges that "to the extent that the Court orders [p]etitioner's release, and to the extent that [p]etitioner is housed at NCCC at the time that order is issued," this Court's Order and any "direction to provide status [updates] with compliance of the same" should be directed solely to the Warden of NCCC, Robert A. Matarazzo. Resp. 1–2. However, because petitioner, if he remains at NCCC, is there on a writ of *habeas corpus ad prosequendum*, ICE remains his "primary custodian." *E.T.G. v. Genalo*, No. 26-cv-04274, 2026 WL 2140351, at *2 (E.D.N.Y. July 25, 2026); *see* Writ of *Habeas Corpus*

detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty — which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: November 4, 2026
Brooklyn, New York

---

*ad Prosequendum*. Thus, this order applies to respondents Genalo, Venturella, Mullin, and Blanche, as well as to respondent Matarazzo.